NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name:  08a0666n.06

Filed:  November 3, 2008

No. 08-1894

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KEITH DUNN,

    Defendant-Appellant.

_____/

|  | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
|---|---|

BEFORE:    BATCHELDER, CLAY, and SUTTON, Circuit Judges.

**CLAY, Circuit Judge.**  Defendant Keith Dunn appeals the district court's judgment imposing a five month sentence of imprisonment followed by five months in a halfway house for failure to pay court-ordered child support in violation of 18 U.S.C. § 228(a)(3).  Dunn entered a guilty plea to the indictment, but argues that the district court miscalculated the advisory Sentencing Guidelines range by improperly including interest in the amount of loss.  For the reasons that follow, we **REVERSE** the judgment of the district court and **REMAND** the case for resentencing.

**BACKGROUND**

On September 19, 2007, Defendant Keith Dunn was indicted in the United States District Court for the Northern District of Texas for failing to pay child support in violation of 18 U.S.C. § 228(a)(3).  On November 29, 2007, Dunn consented to transfer his case to the Eastern District of Michigan for a guilty plea and sentence, and on March 11, 2008, he pleaded guilty to the indictment.  On June 24, 2008, Dunn was sentenced to five months in prison followed by five months in a halfway house.  Dunn filed a timely notice of appeal on July 8, 2008.

The facts of the underlying criminal conviction are not in dispute.  The parties agree that between July 2004 and September 2007, Dunn failed to pay child support payments as required by a Texas court order.  He missed payments totaling $11,514.00, and is responsible for paying $77,804.50 in restitution, which includes interest on unpaid child support.

At sentencing, Dunn argued that under the advisory Sentencing Guidelines ("Guidelines"), the loss amount calculation for sentencing should exclude interest, which would result in a loss of  $11,514.00 and a Guidelines range of 0-6 months.  *See* U.S.S.G. § 2B1.1(b)(1).  The district court disagreed and included interest in the calculation, determining that the loss was $77,804.50.  Based on this loss amount, the court calculated a Guidelines range of 10-16 months and sentenced Dunn to five months imprisonment followed by five months in a halfway house.

## DISCUSSION

### A.    Standard of Review

To determine whether the district court has imposed a sentence that is procedurally unreasonable, this Court must review the calculation of the Guidelines range.  *See Gall v. United*

*States*, 128 S. Ct. 586, 597 (2007). We review the district court's legal conclusions *de novo. United States v. Brown*, 151 F.3d 476, 482 (6th Cir. 1998).

**B.     Analysis**

Dunn was convicted of failure to pay court-ordered child support in violation of 18 U.S.C. § 228(a)(3). The applicable Guideline, U.S.S.G. § 2J1.1, states that for "offenses involving the willful failure to pay court-ordered child support, (violations of 18 U.S.C. § 228), the most analogous guideline is § 2B1.1." U.S.S.G § 2J1.1, App. Note 2.[1] In turn, the Application Notes to § 2B1.1 expressly state that "[l]oss shall not include the following: (i) Interest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs." U.S.S.G. § 2B1.1, App. Note 3(D)(i).

To be sure, the command to exclude interest is located in the commentary accompanying § 2B1.1 and not in the text of the guideline itself. But the Supreme Court has held, and this Court has reaffirmed in pre- and post-Booker case law, that courts should treat guideline manual commentary as authoritative "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993); *see United States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2005); *United States v. Boumelhem*, 339 F.3d 414, 427 n.13 (6th Cir. 2003).

---

[1] The applicable Guideline, § 2J1.1, makes no sentence recommendation for child support convictions, instead referring the court to § 2X5.1 ("Other Felony Offenses") for guidance. Section 2X5.1 instructs the sentencing judge to apply "the most analogous offense guideline," and the Commentary to Guidelines Section 2J1.1 states that for "offenses involving the willful failure to pay court-ordered child support (violations of 18 U.S.C. § 228), the most analogous guideline is § 2B1.1 (Theft Destruction, and Fraud)." U.S.S.G. § 2J1.1, App. Note 2.

Dunn argued that the aforementioned Application Notes directed the district court to exclude interest from the loss calculation in sentencing and that the loss should be $11,514.00, resulting in a Guidelines range of 0-6 months. The district court disagreed, and included interest in the loss, calculating a loss of $77,804.50 and a Guidelines range of 10-16 months.

The government contends that the district court properly included interest in the loss calculation, notwithstanding the aforementioned Application Notes, because pursuant to the Deadbeat Parents Punishment Act, a delinquent parent is responsible for restitution "in the full amount of each victim's losses," including interest. 18 U.S.C. § 228(d); 18 U.S.C. § 3664. This argument appears to confuse the issue, however, because Dunn is contesting the district court's loss calculation, and not the amount of restitution that is due.

The government also argues that loss for sentencing purposes is equal to the amount of restitution, citing *United States v. Molak*, 276 F.3d 45, 50 (1st Cir. 2002). In *Molak*, the First Circuit held that the district court did not err in refusing to back interest and costs out of the amount of loss because interest is "part and parcel" of what is needed to put the aggrieved parent and child in the financial position that they would have enjoyed had the defendant honored his obligations. *Id.* at 51. However, as Dunn properly notes, the *Molak* court does not address the amendments to Application Note 3(D)(i) of U.S.S.G. § 2B1.1, which took effect only two months before the case was decided. These amendments specifically state that interest shall not be included in loss calculations.

Finally, the government argues that excluding interest from loss in sentencing calculations would grant Dunn a windfall. However, Dunn does not contest that he owes

$77,804.50 in restitution. He will be responsible for paying this full balance, regardless of the court's determination of loss for sentencing calculations.

In sum, the government does not offer a persuasive reason for failing to apply the Application Note to U.S.S.G. § 2B1.1, even though that note clearly indicates that interest should be excluded from loss calculations in sentencing. Consequently, we conclude that the district court improperly calculated Dunn's advisory Guidelines range and imposed a sentence that is procedurally unreasonable. *See Gall*, 128 S. Ct. at 597 (2007) (advising that improper calculation of advisory Guidelines range constitutes procedural error).

## CONCLUSION

For the foregoing reasons, we **REVERSE** the judgment of the district court and **REMAND** the case for resentencing consistent with this opinion.